UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, and<br>FLORIDA WILDLIFE FEDERATION, and<br><br>      Plaintiffs<br><br>    v.<br><br>FRANCIS J. HARVEY, in his official capacity as<br>Acting Secretary of the U.S. Department of the<br>Army<br>101 Army Pentagon<br>Washington, DC 20310<br><br>      Defendant | No. 1:05CV01671 |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Francis J. Harvey, Acting Secretary of the U.S. Department of Army, by and through undersigned counsel, hereby asserts defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief, and answers each numbered paragraph as follows:

1.    Defendant admits that the snail kite population has declined recently but denies the remaining the allegations in the first sentence of Paragraph 1. Defendant denies the allegations in the second sentence of Paragraph 1 and avers on information and belief that the snail kite population has declined during the period of 1999 to 2003. Defendant denies the allegations in the third sentence of Paragraph 1.

## BACKGROUND

2.    Defendant denies the allegations in the first sentence of Paragraph 2. Defendant admits that the U.S. Army Corps of Engineers ("Corps") has implemented a water management

1

schedule since 1978 that governs water releases but denies the remaining allegations of Paragraph 2. Defendant avers that there the Corps has managed water levels in Lake Okeechobee prior to 1978 and at least as far back as 1951.

3. Defendant admits that the Corps' water management actions have increased the overall water levels and decreased natural water level fluctuations in Lake Okeechobee. Defendant denies the remaining allegations of Paragraph 3. Defendant avers that there the Corps has managed water levels in Lake Okeechobee prior to 1978 and at least as far back as 1951.

4. Defendant admits there has been a decline in the snail kite population but denies the remaining allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

## JURISDICTION AND VENUE

5.[sic] The misnumbered Paragraph 5 states legal conclusions, to which no response is required.

6. Defendant admits that on June 15, 2005, Plaintiffs gave written notice of their intent to sue regarding alleged violations of the Endangered Species Act ("ESA"). The remaining allegations of Paragraph 6 constitute legal conclusions, no response is required.

7. Paragraph 7 states legal conclusions, to which no response is required. Defendant avers that, in the interests of justice, this action should be transferred to the United States District Court for the Southern District of Florida.

## PARTIES

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore, denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore, denies the same.

10. Defendant admits the first sentence of Paragraph 10. The second sentence states a conclusion of law, to which no response is required. The third sentence characterizes how the Plaintiffs will refer to the Defendant in the complaint; no response is required.

## STANDING

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 11, and therefore, denies the same. Defendant denies the remaining allegations of Paragraph 11.

## FACTUAL BASIS FOR PLAINTIFFS' CLAIMS

### A. Snail Kite Background

12. Defendant admits the allegations in Paragraph 12.

13. Due to vagueness and ambiguity as to the allegations in Paragraph 13, Defendant lacks knowledge or information as to the allegations in Paragraph 13 and therefore denies the same.

14. Defendants admit the allegations in the first two sentences of Paragraph 14. The third sentence of Paragraph 14 refers to the Federal Register notice designating critical habitat for the snail kite, which speaks for itself and is the best evidence of its contents, and no response is required. Defendant denies any allegations contrary to the plain meaning of this document.

15. The allegations of Paragraph15 refer to the "Management of Lake Okeechobee and Associated Estuaries" report by the Florida Fish and Wildlife Conservation Commission, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the

plain meaning of this document are denied. Defendant avers that the recommendations in this document are intended to protect fish and wildlife resources generally, not just the snail kite habitat.

### B. The 1978 Schedule and Amendments to that Schedule

#### 1. 1978 Schedule

16.     Defendant denies the allegations in Paragraph 16 and aver that the 1978 schedule increased the regulation schedule by an average of two feet to 15.5 - 17.5 ft. for various project purposes not limited to irrigation.

17.     Defendant admits the allegations in Paragraph 17.

18.     Defendant admits that the allegations of Paragraph 18.

19.     The first two sentences of Paragraph 19 characterize the 1978 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of this publication are denied. Defendant denies the allegations in the third sentence of Paragraph 19.

#### 2. Amendment #1: Run 25

20.     Defendant admits the first sentence of Paragraph 20. As to the allegations in the second sentence of Paragraph 20, Defendant admits that the Corps reinitiated consultation with FWS concerning "Run 25." The remaining allegations in the second sentence of Paragraph 20 characterize documents memorializing the consultation, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning and context of these documents are denied.

#### 3. Amendment #2: Water Supply and Environment ("WSE")

21.     Defendant denies the allegations in the first sentence of Paragraph 21.  Defendant avers that the Corps adopted the current Lake Okeechobee Regulation Schedule, Water Supply and Environment ("WSE") in July 2000.  As to the allegations in the second and third sentences of Paragraph 21, Defendant admits that the Corps reinitiated consultation with FWS.  The remaining allegations in the second and third sentences of Paragraph 21 characterize documents memorializing the consultation, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning and context of these documents are denied.

### 4. Amendment #3: Class Limit Adjustment ("CLA")

22.     Defendant denies the allegations in Paragraph 22.  Defendant avers that the Corps implemented the Class Limit Adjustment ("CLA") to the Lake Okeechobee Regulation Schedule, Water Supply and Environment ("WSE") on May 15, 2005, and that implementation of the WSE was preceded by consultation with FWS.  The CLA and associated consultation documents speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning and context of these documents are denied.

23.     The first sentence of Paragraph 23 characterizes the letter from FWS to the Corps, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning and context of this publication are denied.  Defendant denies the allegations in the second sentence of Paragraph 23 and avers that it has continued its consultations with FWS in anticipation of possible revisions to the water regulation schedule for Lake Okeechobee.

### C. Plight of the Endangered Snail Kite

24. Paragraph 24 characterizes the 2002 Biological Opinion on the Interim Operating Plan "(IOP") for Protection of the Cape Sable Seaside Sparrow, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of this publication are denied. Defendant avers that the 2002 IOP Biological Opinion does not specifically address the effects of the regulation schedule for Lake Okeechobee.

25. Paragraph 25 characterizes the Snail Kite Demography Annual Report 2003, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of this publication are denied.

26. Due to vagueness and ambiguity as to the meaning of "particularly dire," Defendant lacks knowledge or information as to the allegations in the first sentence of Paragraph 26, and therefore, denies the same. The second and third sentences characterize the Snail Kite Demography Annual Report 2003, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of this publication are denied. The fourth sentence characterizes a letter from Audubon to the Corps, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of this document are denied.

27. The first and second sentences of Paragraph 27 characterize the letter from FWS to Corps, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning and context of this document are denied.

## STATUTORY FRAMEWORK

### Endangered Species Act

28.     Paragraph 28 cites the Endangered Species Act, regulations, and cases that speak for themselves and are the best evidence of their content. Any allegation contrary to the plain meaning and context of these statutes, regulations, and cases is denied. To the extent the allegations in this Paragraph state legal conclusions, no response is required.

29.     Paragraph 29 cites and quotes from the Endangered Species Act, which speaks for itself and is the best evidence of its content. Any allegation contrary to the plain meaning and context of this statute is denied. To the extent the allegations in this Paragraph state legal conclusions, no response is required.

30.     Paragraph 30 cites and quotes from the Endangered Species Act, which speaks for itself and is the best evidence of its content. Any allegation contrary to the plain meaning and context of this statute is denied. To the extent the allegations in this Paragraph state legal conclusions, no response is required.

31.     Paragraph 31 cites and quotes from the Endangered Species Act and regulations, which speak for themselves and are the best evidence of their contents. Any allegation contrary to the plain meaning and context of the statute and regulation is denied. To the extent the allegations in this Paragraph state legal conclusions, no response is required.

32.     Paragraph 32 cites and quotes from the Endangered Species Act and regulations which speak for themselves and are the best evidence of their contents. Any allegation contrary to the plain meaning and context of the statute and regulation is denied. To the extent the allegations in this Paragraph state legal conclusions, no response is required.

33.     Paragraph 33 cites and quotes from a regulation, which speaks for itself and is the best evidence of its content. Any allegation contrary to the plain meaning and context of the

regulation is denied. To the extent the allegations in this Paragraph state legal conclusions, no response is required.

34. Paragraph 34 cites and quotes from the Endangered Species Act and regulations, which speak for themselves and are the best evidence of their content. Any allegation contrary to the plain meaning and context of the statute and regulation is denied. To the extent the allegations in this Paragraph state legal conclusions, no response is required.

35. Paragraph 35 is missing; no response required.

## COUNT ONE

### Violations of ESA § 7(a)(2), 50 C.F.R. § 402.16(b) and (c)

36. Paragraph 36 re-alleges each allegation set forth in Paragraphs 1 through 35 of Plaintiffs' Complaint. In response, Defendant repeats the admissions and denials in the respective paragraphs of this Answer.

37. The first sentence in Paragraph 37 states legal conclusions, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations in the first sentence of Paragraph 37. Defendant denies the allegations in the second sentence of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

## COUNT TWO

### Alleged Violations of ESA § 9

39. Paragraph 39 re-alleges each allegation set forth in Paragraphs 1 through 38 of Plaintiffs' Complaint. In response, Defendant repeats the admissions and denials in the respective paragraphs of this Answer.

40. Defendant denies the allegations of Paragraph 40.

## COUNT THREE

## Alleged Violations of ESA § 7(a)(1)

41. Paragraph 41 re-alleges each allegation set forth in Paragraphs 1 through 40 of Plaintiffs' Complaint. In response, Defendant repeats the admissions and denials in the respective paragraphs of this Answer.

42. The first sentence of Paragraph 42 states legal conclusions, to which no response is required, but to the extent that a response may be deemed required, Defendant denies the allegations in the first sentence of Paragraph 42. Defendant denies the allegations in the second sentence of Paragraph 42.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' Complaint contain Plaintiffs' prayer for relief, to which no response is required, but insofar as a response may be required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## ALL CLAIMS

Defendant denies any allegations contained in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified. To the extent that any allegation contained in Plaintiffs' Complaint remains unanswered, Defendant denies such allegations.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction.

2. Plaintiffs lack standing to bring this suit.

3. Plaintiffs have failed to state a claim upon which relief can be granted.

    4. Venue may be more appropriate in another judicial district.

    5. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations. See 28 U.S.C. § 2401(a) (general six-year statute of limitations for claims against the U.S. government).

    WHEREFORE, Defendant respectfully requests that this Court dismiss this action with prejudice, with all parties to bear their own attorneys' fees, and grant to Defendant costs and such additional relief as it deems fitting and just.

Respectfully submitted this 28th day of October, 2005.

                        KELLY A. JOHNSON
                        Acting Assistant Attorney General
                        Environment & Natural Resources Division
                        JEAN WILLIAMS, Section Chief
                        SETH M. BARSKY, Assistant Chief

                          /s/ Mark A. Brown
                        MARK A. BROWN
                        D.C. Bar No. 470050
                        Senior Trial Attorney
                        U.S. Department of Justice
                        Environment and Natural Resources Division
                        Wildlife and Marine Resources Section
                        P.O. Box 7369
                        Washington, D.C. 20044-7369
                        (202) 305-0204 (telephone)
                        (202) 305-0275 (fax)
                        mark.brown@usdoj.gov (e-mail)

                        Attorneys for Defendant

Of Counsel:

Brooks W. Moore, Esq.
Elizabeth F. Oppenheimer, Esq.
Assistant District Counsel
U.S. Army Corps of Engineers

701 San Marco Boulevard
Jacksonville, Florida 32207
(904) 232-1164 (telephone)
(904) 232-3692 (fax)

Martin Cohen, Esq.
Nicholas J. Landau, Esq.
U.S. Army Corps of Engineers
441 G. St., N.W.
Washington, D.C. 20314-1000
(202)761-0345 (telephone)
(202) 761-1113 (fax)