UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
KENT COUNTY, DELAWARE           )
LEVY COURT,                     )
                                )
         Plaintiff,             )
                                )
    v.                          )    Civil Action No. 02-2306 (RWR)
                                )
DONALD WELSH, Regional          )
Administrator, et al.,          )
                                )
         Defendants.            )
_____ )
```

<u>MEMORANDUM OPINION</u>

Plaintiff Kent County, Delaware, Levy Court ("Kent County")
filed this lawsuit challenging the Environmental Protection
Agency's ("EPA's") approval of Total Maximum Daily Loads
("TMDLs") for the Murderkill River in Delaware.  Defendants EPA
Regional Administrator Donald Welsh, EPA Administrator Christine
Todd Whitman, and the EPA have moved to transfer this case to the
United States District Court for the District of Delaware.
Although the convenience of the parties is virtually equal
whether the case is decided in Delaware or in the District of
Columbia, the interests of justice heavily favor transfer.  As a
result, defendants' motion to transfer will be granted.

<u>BACKGROUND</u>

The Clean Water Act requires states to establish TMDLs for
certain bodies of water.  33 U.S.C. § 1313(d)(1)(A) (2000).  The

- 2 -

TMDLs must be established at levels necessary to implement applicable water quality standards with seasonal variations and a certain margin of safety. 33 U.S.C. § 1313(d)(1)(C). After the state develops a TMDL, it must be submitted to the EPA for approval. 33 U.S.C. § 1313(d)(2).

The Delaware Department of Natural Resources developed TMDLs for the Murderkill River in Delaware and submitted those TMDLs to the EPA for approval. The regional EPA Administrator in Philadelphia, Pennsylvania approved the proposed TMDLs.

Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, plaintiff challenges the EPA's approval of the TMDLs as arbitrary and capricious. Plaintiff alleges that it will be forced to construct and operate new wastewater facilities and that its citizens will suffer increased sewer rates.

<u>DISCUSSION</u>

Defendants moved to transfer this case pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The movants have the burden of showing that convenience and the interest of justice favor transfer. <u>Reiffin v. Microsoft Corp.</u>, 104 F. Supp. 2d 48, 50 (D.D.C. 2000).

- 3 -

Section 1404(a) grants district courts broad discretion to transfer cases, but that discretion "is not untrammeled." Fine v. McGuire, 433 F.2d 499, 501 (D.C. Cir. 1970); see also In re Chatman-Bey, 718 F.2d 484, 486 (D.C. Cir. 1983).  Courts must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

The Court must first determine whether "venue [is] proper in the transferee district with respect to every defendant and each claim for relief, and [must also determine whether] all defendants [were] amenable to process emanating from the transferee district at the time the action was initially filed." Lamont v. Haig, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978); see also Relf v. Gasch, 511 F.2d 804, 806 (D.C. Cir. 1975) (holding that the district court may transfer a case only to a judicial district where the case might have been brought); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (stating that "venue must be proper in the transferee district"); Kafack v. Primerica Life Insurance Co., 934 F. Supp. 3, 5 (D.D.C. 1996).  It is undisputed that venue and personal jurisdiction over these federal defendants would be proper in the District of Delaware.

- 4 -

The court must then "balance a number of case-specific factors which include the private interests of the parties as well as public interests such as efficiency and fairness." Wilderness Society v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). On the private side of the balance, these factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; and (5) the convenience of the witnesses. Id. The factors on the public side of the balance include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of both the transferor and transferee courts; and (3) the local interest in deciding local controversies at home. Id.; see also Kafack, 934 F. Supp. at 6; Shapiro, Lifschitz and Schram, P.C. v. Hazard, 24 F. Supp. 2d 66, 71 (D.D.C. 1998); Hawksbill Sea Turtle v. Federal Emergency Management Agency, 939 F. Supp. 1, 3 (D.D.C. 1996).

I.   Private Factors

     A.   Plaintiff's choice of forum

     Typically, the plaintiff's choice of forum is given considerable weight. See Shapiro, 24 F. Supp. 2d at 71. The Court, however, gives "substantially less deference when the forum preferred by the plaintiff is not his home forum." Boers, 133 F. Supp. 2d at 65 (citing Piper Aircraft v. Reyno, 454 U.S.

- 5 -

235, 255-56 (1981)).  Additionally, the weight accorded

plaintiff's preference sharply diminishes "where the plaintiff's

choice of forum has 'no meaningful ties to the controversy and no

particular interest in the parties or subject matter.'"  Kafack,

934 F. Supp. at 6.  The degree of deference this Court must show,

then, depends on the strength of the connection between the

events in question and the District of Columbia.  See Wilderness

Society, 104 F. Supp. 2d at 13.

In this case, plaintiff's choice of forum does not weigh

heavily in its favor.  Plaintiff is a county in Delaware, and

there is no evidence that the events which give rise to

plaintiff's claims occurred in this district.[1]  Cf. Wilderness

Society, 104 F. Supp. 2d at 14 (noting that Secretary Babbitt had

been personally involved in the case, visiting the relevant area

and meeting with local Eskimo residents, government and industry

officials, and scientists).  The District of Columbia has little

or no connection to the precipitating events at issue other than

as the location of EPA headquarters.  This connection is an

inadequate basis for giving deference to plaintiff's choice of a

_____

[1] Plaintiff argues that EPA policies are established in the
District of Columbia.  Plaintiff has not, however, presented
evidence of any decision-making that took place in this case in
the District of Columbia.  Rather, defendants assert that all
relevant decisions were made in the EPA regional office in
Philadelphia.

- 6 -

foreign forum.  See Citizen Advocates for Responsible Expansion,

Inc. v. Dole, 561 F. Supp. 1238, 1240 (D.D.C. 1983) (transferring

to Texas a case in which Texas plaintiffs sought to enjoin

construction of two segments of highway in Texas alleging that

the construction violated federal statutes).

     B.   Defendants' choice of forum

     Defendants prefer to defend this case in the District of

Delaware.  This preference is reasonable.  The challenged TMDLs

were originally established by the Delaware Department of Natural

Resources and approved by the EPA in its regional office in

Philadelphia.  The TMDLs apply to a river in Delaware and

plaintiff alleges threatened economic injury in Delaware.

     C.   Whether the claim arose elsewhere

     Plaintiff challenges a decision that was made in the EPA

regional office in Philadelphia.  Plaintiff has presented no

evidence that any decision in this case was made in this district

or that a resident of this district was personally involved in

the decision to approve the challenged TMDLs.  Cf. Wilderness

Society, 104 F. Supp. 2d at 15 (Secretary of Interior signed the

Record of Decision in the District of Columbia and some review

occurred at the Department of Interior's Washington

headquarters).  Because the decision to approve the TMDLs for a

river in Delaware was made outside the District of Columbia, any

- 7 -

alleged violation of federal law would have occurred outside the District.  See, e.g., Hawksbill, 939 F. Supp. at 3.  Therefore, this factor weighs in favor of transfer.

     D.   Convenience of the parties and witnesses

Plaintiff is a county in Delaware, and the defendants are a federal agency and its Administrator in the District of Columbia, and the EPA's Regional Administrator in Philadelphia.  The case will be decided based on the administrative record, which is located in the EPA office in Philadelphia, so there will be no witnesses.  The convenience of the parties appears evenly balanced.

II.  Public Factors

     A.   Transferee's familiarity with the governing law

Plaintiff alleges that the EPA's approval of the TMDLs submitted by the Delaware Department of Natural Resources was arbitrary and capricious.  Federal courts in all districts share the ability to apply the Administrative Procedure Act.  However, the judges in the District of Delaware may have greater familiarity with the river at issue and with a consent decree that established a schedule for the Delaware Department of Natural Resources to submit proposed TMDLs to the EPA and for the EPA to decide whether to approve or reject the proposed TMDLs.

- 8 -

B.   <u>Relative congestion of the transferor and transferee courts</u>

There is no evidence in the record regarding the relative congestion of the transferor and transferee courts.

C.   <u>Local interest in deciding controversies at home</u>

Plaintiff challenges the EPA's decision to approve TMDLs that apply to a river in Delaware.  As a result, the federal court in Delaware has a strong interest in deciding this controversy at home.  "[C]ontroversies should be resolved in the locale where they arise . . . ."  <u>Kafack</u>, 934 F. Supp. at 9.  This factor weighs heavily in favor of transfer to Delaware.

<u>CONCLUSION</u>

The public and private factors in this case weigh in favor of transfer.  Plaintiff is a county in Delaware and challenges a decision made outside of this district by the EPA that affects the citizens of Delaware.  The federal courts in Delaware have the ability to decide, and the greater interest in deciding, this local Delaware dispute.  Although the convenience of the parties may be relatively equal between the District of Delaware and this federal district, the interest of justice in deciding local controversies at home weighs heavily in favor of transfer to Delaware.  For these reasons, the motion to transfer will be granted.  A Transfer Order accompanies this Memorandum Opinion.

- 9 -

SIGNED this 6th day of March, 2003.

_____
RICHARD W. ROBERTS
United States District Judge