UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION, and FLORIDA WILDLIFE FEDERATION<br><br>Plaintiffs<br><br>v.<br><br>FRANCIS J. HARVEY, in his official capacity as Acting Secretary of the U.S. Department of the Army<br>101 Army Pentagon<br>Washington, DC 20310<br><br>Defendant | No. 1:05CV01671 (CKK) |

**FEDERAL DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER VENUE**

Federal Defendant maintains that transfer of venue is warranted based on all of the grounds set forth in Defendant's memorandum. However, Defendant believes that the most compelling reason why this case should be transferred is that this case presents a localized controversy. The management of Lake Okeechobee affects navigation, flood control, agriculture, and municipal water supplies in South Central Florida. The interests of justice are promoted when a localized controversy, such as this one, is resolved in the region that it impacts. See Oil, Chem. & Atomic Workers Local Union No. 6-148 v. N.L.R.B., 694 F.2d 1289 (D.C. Cir. 1982).

Plaintiffs erroneously suggest that this case presents an "issue of national significance" to the extent that Plaintiffs allege that Defendants' actions have harmed the endangered Everglade snail kite. Pl. Memo at 13-14. Defendant does not dispute that Congress has declared that

1

endangered species have unique value to the Nation and its people.  16 U.S.C. § 1531(a).  However, it does not follow that the United States District Court for the District of Columbia should hear every case involving an endangered species.  Similarly, it is of no moment that the snail kite has been mentioned in various articles published by newspapers outside Florida.  See Pl. Memo at 14 n. 6.  Considering Plaintiffs' request for injunctive relief (see Complaint at p. 16), it is the people of Florida who will potentially be affected by a ruling on Plaintiffs' claims.  Under the circumstances, the interests of justice in having this localized controversy heard in Florida must override Plaintiffs' preferred choice of forum.

As detailed in the U.S. Army Corps of Engineers' ("Corps'") recent scoping letter on possible changes to the current regulation schedule, the current schedule balances the various purposes of flood storage, water supply, fish and wildlife resources, and water delivery to the St. Lucie and Caloosahatchee estuaries.  See http://planning.saj.usace.army.mil/envdocs_E_L/ Hendry/Lake_O/PDF-files/ScopingLetter.pdf.  Thus, the scoping letter acknowledges that any changes to the current regulation schedule raise issues of public concern including "municipal, agricultural, and industrial water supply, continued flood protection, protection of the lake's environmental resources and its downstream estuaries, water quality, fish and wildlife habitat, endangered and threatened species, and any issues [yet to be] identified through scoping and public involvement."  Id.  The Corps has convened a series of public meetings in communities surrounding Lake Okeechobee to further explore some of these issues as part of the scoping process.  See http://www.saj.usace.army.mil/pao/hotTopics/hot_topics_LO_HHD.htm.

The Lake Okeechobee regulation schedule is an integral part of the planning and implementation of the Comprehensive Everglades Restoration Plan ("CERP").  CERP is a $7.8

2

billion dollar project with a 30-year construction period that covers an 18,000-square-mile area. See http://www.evergladesplan.org/about/about_cerp_brief.cfm. The purpose of CERP is to provide for "structural or operational modifications to the [Central and Southern Florida Project] essential to the restoration of the Everglades and south Florida ecosystem, while providing for other water-related needs such as urban and agricultural water supply and flood protection in those areas served by the project." See http://www.evergladesplan.org/docs/comp_plan_apr99/sect1.pdf.

The Corps and the South Florida Water Management District are currently in the process of developing a System Operating Manual pursuant to the CERP Programmatic Regulations, 33 C.F.R. § 385.28(b). The System Operating Manual will compile all extisting regulation schedules and water control plans within the Central and Southern Florida Project and will provide "an integrated system-wide framework for operating all of the implemented projects of the [CERP] and the Central and Southern Florida Project." 33 C.F.R. § 385.3. This will facilitate a more holistic approach toward management of the South Florida ecosystem. Any new regulation schedule that results from the ongoing scoping process will be part of the System Operating Manual, and future changes to the Lake Okeechobee regulation schedule will be made in conjunction with construction of CERP projects, see http://www.evergladesplan.org/docs/comp_plan_apr99/sect9.pdf, and will be incorporated into the System Operating Manual.

Thus, possible changes in the Lake Okeechobee regulation schedule, as urged by Plaintiffs, cannot be viewed in isolation. Plaintiffs' requested relief would affect the Corps' ongoing implementation of CERP.

The local and regional significance of this litigation is further underscored by the ongoing litigation in the Southern District of Florida concerning Lake Okeechobee and/or the snail kite. In addition to the cases noticed in Defendants' previous filing, the Miccosukee Tribe of Indians of Florida recently has filed a complaint challenging actions by the U.S. Fish and Wildlife Service with respect to a biological opinion concerning the potential impacts of the Corps' "Interim Operating Plan for the Cape Sable Seaside Sparrow" on the snail kite. <u>Miccosukee Tribe of Indians of Florida v. United States</u>, No. 05-23045 (filed November 21, 2005).[1] Even if Plaintiffs are correct in their assertion that none of the various pending cases are sufficiently related to warrant consolidation, the cases underscore the fact Plaintiffs' claims and any requests for relief here must be viewed in conjunction with other ongoing disputes concerning the management of South Florida's natural resources. Because of its location near Lake Okeechobee, the United States District Court for the Southern District of Florida is uniquely competent to adjudicate such matters of regional concern. Moreover, transfer of this case to the Southern District of Florida will facilitate participation by the numerous local groups and individuals whose interests may be affected by a ruling on Plaintiffs' claims.

Finally, Plaintiffs' assertions that they will have difficulty retaining local counsel sound hollow in light of the fact that they are presently litigating other matters in the Southern District

---

[1] In addition to the various pending lawsuits, the Palm Beach Post recently reported that a local environmental group, the Rivers Coalition, has voted to commence a lawsuit against the Corps and the South Florida Water Management District concerning the management of Lake Okeechobee and alleged adverse impacts of discharges from Lake Okeechobee into the St. Lucie Estuary. "Lake O releases headed for court," Palm Beach Post, Nov. 19, 2005 (attached as Exhibit 1). As noted in the article, the Rivers Coalition is only one of several groups that have threatened litigation. This point further underscores how Plaintiffs' claims touch upon matters of significant local and regional concern.

of Florida. See Pl. Memo at 6. National Wildlife Federation has retained local counsel in the matter of <u>Florida Key Deer v. Brown</u>, 386 F. Supp. 2d 1281 (S.D. Fla. 2005), in which it is a co-plaintiff. Florida Wildlife Federation has retained local counsel in the matters of <u>Florida Wildlife Fed'n v. U.S. Army Corps of Engineers</u> (S.D. Fla., No. 05-80339) and in <u>Friends of the Everglades v. South Florida Water Management District</u> (S.D. Fla. No. 02-CV-80309), in which it is a co-plaintiff.

For these reasons, and for the reasons set forth in Defendant's opening memorandum, all of the factors relevant to consideration of transfer under 28 U.S.C. § 1404(a) argue for transfer of this action to the Southern District of Florida. In particular, considering the local interests that would be affected if Plaintiffs obtain the injunctive relief they seek, the interests of justice strongly favor transfer of the action.

Respectfully submitted this 22nd day of November, 2005.

                                         SUE ELLEN WOOLDRIDGE
                                         Assistant Attorney General
                                         Environment & Natural Resources Division
                                         JEAN WILLIAMS, Section Chief
                                         SETH M. BARSKY, Assistant Chief

                                            /s/ Mark A. Brown
                                         MARK A. BROWN
                                         D.C. Bar No. 470050
                                         Senior Trial Attorney
                                         U.S. Department of Justice
                                         Environment and Natural Resources Division
                                         Wildlife and Marine Resources Section
                                         P.O. Box 7369
                                         Washington, D.C. 20044-7369
                                         (202) 305-0204 (telephone)
                                         (202) 305-0275 (fax)
                                         mark.brown@usdoj.gov (e-mail)
                                         Attorneys for Defendant

Of Counsel:

Brooks W. Moore, Esq.
Elizabeth F. Oppenheimer, Esq.
Assistant District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, Florida 32207
(904) 232-1164 (telephone)
(904) 232-3692 (fax)

Martin Cohen, Esq.
Nicholas J. Landau, Esq.
U.S. Army Corps of Engineers
441 G. St., N.W.
Washington, D.C. 20314-1000
(202)761-0345 (telephone)
(202) 761-1113 (fax)